**Opinion filed February 21, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00231-CR & 11-16-00232-CR

_____

## DANIEL RAY HECKLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court**
**Howard County, Texas**
**Trial Court Cause Nos. 66,599 & 66,772**

### M E M O R A N D U M   O P I N I O N

Daniel Ray Heckler appeals from two Class C misdemeanor convictions: one for speeding (Cause No. 11-16-00231-CR) and one for backing without safety (Cause No. 11-16-00232-CR). *See* TEX. TRANSP. CODE ANN. § 545.352–.353 (West Supp. 2018), § 545.415 (West 2011). At a trial de novo[1] in the county court, the jury convicted Appellant of both offenses, and the trial court assessed his punishment at a fine of $200 for each offense. We affirm.

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2018).

Appellant has filed a pro se brief, which we have construed liberally. In his brief, which was filed in both causes, Appellant complains that he was treated unfairly by the trial court. He asserts that the trial court excluded evidence that Appellant sought to introduce, prevented Appellant from presenting his defense, and threatened Appellant with contempt of court.

The record reflects that Appellant represented himself at trial. During his cross-examination of Corporal Michael Calley of the Big Spring Police Department, Appellant first broached the subject of his relationship with the chief of that department. Appellant asked, "How would you say me and the chief get along?" The State objected on relevance grounds, and the trial court instructed Appellant "to stick to the case in point." Appellant explained that his point was that everybody in town knew that he and the chief did not get along.

Appellant later broached a similar subject during another police officer's testimony. Appellant asked the officer if he had seen the billboards that Appellant had put up around town. The State objected based on relevance, and the trial court again instructed Appellant that the trial at hand only pertained to the two charges against him and that it was "not a platform" for other matters. The trial court warned Appellant one more time and informed him that that was his final warning. In response, Appellant asked, "So what are you going to do, ma'am?" The trial court answered, "Sir, I can find you in contempt of court."

After the State rested, Appellant inquired about calling witnesses to testify about other instances in which Appellant had been pulled over and had gone to jail. Appellant indicated that the witnesses that he wished to call were not "there" with him at the time of the two offenses for which he was currently on trial. The trial court informed Appellant that there was no need for Appellant to call those witnesses because the two offenses were all that was going to be considered that day. Appellant believed that his "past" with the police department and what "they" had

done to him should have been admissible at trial.  The trial court disagreed, as does this court.

To be admissible at trial, evidence must be relevant.  TEX. R. EVID. 402.  Evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action.  TEX. R. EVID. 401.  Appellant's prior encounters with other personnel of the Big Spring Police Department were not relevant to the causes that were being tried: i.e., whether Appellant backed unsafely in the roadway and hit another car and whether he exceeded the speed limit by traveling 44 miles per hour in a 30-mile-per-hour zone.  Because Appellant's relationship with the chief of police, his past with the police department, and his billboards were not relevant to the matters on trial, the trial court did not abuse its discretion or violate Appellant's rights when it excluded the evidence that Appellant sought to introduce.  *See Henley v. State*, 493 S.W.3d 77, 83–84, 96 (Tex. Crim. App. 2016).  We overrule Appellant's contentions on appeal.

We affirm the judgments of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

February 21, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.